UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:20CV-4-JHM

ELIJAH M. LANDON                                                                                    PLAINTIFF

v.

THOMAS VALLANDINGHAM                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff Elijah M. Landon filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

### I.

At the outset, the Court notes that in the complaint Plaintiff Elijah M. Landon lists additional Plaintiffs--"D.F.L. (Minor Daughter)"; "Ramonda Payne and Minor Daughter [LB]"; and "The Landon Family." However, Plaintiff Elijah M. Landon is the only Plaintiff to sign the complaint, and, as a non-lawyer, he is not permitted to appear on behalf of others. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Moreover, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Id.* (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).

Therefore, Plaintiff Elijah M. Landon (hereinafter "Plaintiff") is the only proper plaintiff to this action.[1]

In the complaint, Plaintiff states the basis for federal court jurisdiction is "Federal Question, Under 28 U.S.C. § 1331, and the United States Constitution. Assault, Libel and Slander, KRS Chapter 411.045." Under the heading "Claims," Plaintiff states, "KRS Chapter 411.045[;] 42 U.S.C. Section 1983[;] 28 U.S.C. Section 1331[;] U.S. Constitutional Rights 1-14[; and] Civil Rights." He identifies all parties as residents of Kentucky.

Plaintiff sues Defendant Thomas Vallandingham, an attorney who apparently represents the mother of Plaintiff's minor child in a state-court custody matter. Plaintiff alleges that his visitation with his minor daughter was suspended "due to Defendant having a hearing with the full knowledge that the Paternal Grandfather Rustin Don Landon a Vietnam Veteran was in ICU unresponsive." He states that Defendant "sent a letter from his office on March 14th, 2019 while Mr. Landon was in ICU and made threats and stated Plaintiff Elijah Landon is mentally unstable and his office staff (a secretary) feared for their safety." He states, "Defendant has and continues to commit, fraud, defamation, slander and libel against the Plaintiff(s)." Plaintiff further asserts as follows:

> Defendant has told and continues to tell vindictive and malicious lies to keep the Plaintiff Father from his constitutionally protected rights as a parent. Plaintiffs have the recording of that visit informing the office staff (ONE SECRETARY) that the court date has changed and Mr Landon was in ICU. Defendant's response via email was "He" (not the Judge nor the scheduling case worker) but "He" didn't want to reschedule. His malicious lies and vindictive statements all on personal recordings. Emails a letter from his office have this assault of character, slanderous and blatant lies, that Defendant knows to be lies has caused emotional distress, mental anguish and irreparable injury to all the Plaintiff's.

---

[1] Even if the other listed Plaintiffs were proper parties to the action, however, their claims would be dismissed for the reasons stated herein.

Plaintiff maintains that his minor daughter "cries because she misses her Daddy." He states, "The Plaintiff, was the full time caregiver." He asserts that Defendant has stated that Plaintiff "can not have custody, 'He is disabled[.]'"

As relief, Plaintiff seeks compensatory and punitive damages and "a complete retraction of the false vindictive lies and an apology to the family for the emotional distress and mental anguish caused by Defendant, Vallandingham."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

Plaintiff alleges violation of 42 U.S.C. § 1983, as well as violations of his constitutional and civil rights. A claim for violation of constitutional or civil rights must be brought under § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her

3

constitutional rights."). Therefore, the Court must construe all of Plaintiff's allegations of violations of his rights as brought under § 1983.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is firmly established that an attorney representing a party in a case does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Because Defendant is not a state actor, he cannot be sued under § 1983, and all federal claims must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also alleges a claim under 28 U.S.C. § 1331. That statute pertains to federal question jurisdiction and does not create a separate cause of action.

To the extent that Plaintiff alleges state-law claims for assault, libel, slander, fraud, violation of Kentucky statute, or any other state-law claims, this Court lacks subject-matter jurisdiction over the state-law claims as there is not complete diversity of citizenship since Plaintiff and Defendant are both citizens of Kentucky. *See* 28 U.S.C. § 1332. Further, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:  March 10, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendant
4414.010